Jason R. Naess (ISB #8407)
Assistant United States Trustee, Region 18
Peter J. Kuhn (USB #3820)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
E-mail: Peter.J.Kuhn@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 24-25849 |
| APPLIED MINERALS, INC. | Chapter 11 |
| Debtor. | Hon. Peggy Hunt |

### ACTING UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF JOINT PLAN OF REORGANIZATION PROPOSED BY (A) THE DEBTOR, AND (B) HALLOYSITE INVESTMENT, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND MEMORANDUM OF POINTS AND AUTHORITIES

The Acting United States Trustee ("UST" or "United States Trustee") by his undersigned Counsel, files this objection ("Objection") to confirmation of the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated August 11, 2025 (Dkt. 178 the "Plan") filed by the Applied Minerals, Inc. ("Debtor") and Halloysite Investment, LLC ("Halloysite" and with the

Debtor, the "Joint Plan Proponents"). This Objection is supported by the Memorandum of Points and Authorities below.

## PROCEDURAL HISTORY

1. On November 11, 2024 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United State Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code").[1]

2. On August 11, 2025, the Joint Plan Proponents filed the Joint Plan of Reorganization (Dkt. 178).

3. The exculpation provision ("Exculpation") in the Plan provides as follows:

   **Exculpation**. The Exculpated Parties will neither have nor incur any liability to any person or entity for any Official Actions in good faith taken or omitted to be taken in connection with or related to the Chapter 11 Case, the investigations of potential claims or the formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan or incident to the Chapter 11 Case, provided that, the foregoing shall not exonerate any of the Exculpated Parties from any liability that results from an act or omission to the extent such act or omission is determined by Final Order to have constituted gross negligence or willful misconduct. In addition, notwithstanding any other provision of the Plan, no holder of a Claim or Interest, no other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, and no successors or assigns of the foregoing, shall have any right of action against any Exculpated Party for any Official Actions made in good faith from and after the Petition Date through the Confirmation Date in connection with, relating to or arising out of the Chapter 11 Case or the consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Disclosure Statement, or any transaction or document created or entered into, or any other act taken or omitted to be taken, in connection therewith, except for: (a) the liability of any Exculpated Party that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan, (b) the liability of any Exculpated Party that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, and (c) actions taken by Exculpated Parties who are holders of

---

[1] Use of "section" or "§" herein refers to the applicable section of the Bankruptcy Code unless otherwise stated.

    a Claim and are taking actions in pursuit of their allowance or payment of such Claim. The Exculpated Parties have, and upon consummation of this Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan.

    The foregoing exculpation shall be effective as of the Effective Date without further notice to or order of the bankruptcy court, act, or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any person or entity. For the avoidance of doubt and notwithstanding anything else herein, the foregoing exculpation shall be limited to parties that served as estate fiduciaries during the chapter 11 cases.

Plan §§ 12.5 and 12.5.

    4. Official Actions are defined in the Plan as:

    "Official Actions" means actions taken by the Exculpated Parties in their official capacities in the Chapter 11 Case from the Petition Date through the Effective Date.

Plan § 1.68

    5. The exculpated parties ("Exculpated Parties") are defined in the Plan as:

    "Exculpated Parties" means, collectively, and in each case in its capacity as such: (a) the Debtor, (b) Halloysite, and (c) their Related Parties, including, without limitation, their respective employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other representatives and professionals.

Plan §1.46

    6. The related parties ("Related Parties") are defined in the Plan as:

    "Related Parties" means, with respect to an Entity, each of, and in each case in its capacity as such, such Entity's current and former Affiliates, and such Entity's and such Affiliates' current and former members, directors, managers, officers, proxyholders, control persons, investment committee members, special committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or

3

investment vehicles, managed accounts or funds (including any beneficial holders for the account of whom such funds are managed), predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, investment managers, and other professionals and advisors, each in their capacity as such, and any such person's or Entity's respective heirs, executors, estates, and nominees.

Plan §1.85

7. On August 11, 2025, the Joint Plan Proponents filed a Disclosure Statement related to the Plan (Dkt. 179, "Disclosure Statement") and a Motion to Approve the Adequacy of the Disclosure Statement (Dkt. 180, "Motion").

8. On September 9, 2025, the UST filed a Response to the Motion setting forth the UST's issues with the Exculpation Provision and related provisions and reserving the right to object to confirmation of the Plan. (Dkt. 217).

9. On September 15, 2025, the Court entered an Order approving the Disclosure Statement (Dkt. 233).

10. On September 17, 2025, the Court entered an Order (i) Establishing Voting Record Holder Date, (ii) Approving Solicitation Procedures, Form of Ballots and Manner of Notice for Joint Plan, and (iii) Fixing the Deadline for Filing Objections to Confirmation of Joint Plan (Dkt. 242).

11. The deadline for filing objections to the Joint Plan is October 8, 2025.

12. Prior to filing this Objection, the UST and Joint Plan Proponents have continued to work towards an agreed modification of the Exculpation Provision but given the time constraints

and other circumstances related to the Federal Government shutdown, an agreement has not been reached.

**OBJECTION**

13. The Exculpation, Exculpated Parties, and Related Party provisions, are improper for at least the following reasons: (a) the Exculpated Parties include parties who are non-estate fiduciaries and includes parties that do not even exist, (b) the Exculpation Provision does not contain an appropriate temporal limitation, (c) the Exculpation Provision does not contain an appropriate carve-out for malpractice claims against the estate's professionals (attorneys) so the provisions comply with Utah ethics rules.

14. Section 1125 provides:

    A person that solicits acceptance or rejection of a plan, in good faith and in compliance with the applicable provisions of this title, or that participates, in good faith and in compliance with the applicable provisions of this title, in the offer, issuance, sale, or purchase of a security, offered or sold under the plan, of the debtor, of an affiliate participating in a joint plan with the debtor, or of a newly organized successor to the debtor under the plan, is not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

    U.S.C. § 1125(e).

15. To the extent that applicable caselaw has authorized exculpation beyond § 1125(e), the Plan's provisions relating to Exculpation, Exculpated Parties, and Related Parties are nevertheless overly broad and inconsistent with applicable caselaw.

*(a) The Exculpation Parties and Related Parties provisions cover parties who are non-estate fiduciaries.*

16. The Exculpation Parties provision covers not only the Debtor but ". . . (b) Halloysite, and (c) their Related Parties, including, without limitation, their respective employees, agents,

5

financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other representatives and professionals. (collectively the "Non-Fiduciary Exculpated Parties"). Plan §1.46.

17. The Related Parties provision is overly broad and overly expansive, for instance, including not only Related Parties but also Related Parties' "respective heirs, executors, estates, and nominees." Plan § 1.85.

18. The Related Parties provision also includes several parties who are not adequately identified and likely do not even exist in the present case, such as: "proxyholders, control persons, investment committee members, special committee members" *Id.*.

19. "'[E]xculpation clauses must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers.'" *In re Willowood United States Holdings, LLC*, No. 19-11079 KHT, 2020 Bankr. LEXIS 3706, at *34 (Bankr. D. Colo. Feb. 14, 2020) (finding exculpation provision impermissible because it extended to secured creditors who were not estate fiduciaries and applied to a broad range of conduct during the course of the chapter 11 case) (quoting *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011)).

20. Including parties such as a debtor in possession, committee members, committee's counsel, and debtor's counsel in an exculpation provision is justified because they are court-supervised fiduciaries. *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 700-01 (E.D. Va. 2022).

6

21. The United States Trustee does not object to the inclusion of the Debtor and Debtor's counsel, with limitations, as Exculpated Parties. Parties having a fiduciary duty to the estate and acting under the supervision of the Court.

22. The United States Trustee does object to the degree to which the proposed Exculpation Provision also includes the Exculpated Parties' respective employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other representatives and professionals.

23. Halloysite (and their professionals) as Joint Plan Proponents, can only receive the narrower protections under § 1125(e) pertaining to the solicitation of the Plan. The broader exculpation afforded to the Debtor is not appropriate because Halloysite (and their professionals) are not fiduciaries. *See In re Midway Gold US, Inc.*, 575 B.R. 475, 511-12 (Bankr. D. Colo. 2017) (holding that exculpation provision with respect to non-estate fiduciaries was completely impermissible).

24. Therefore, the Court should deny confirmation of the Joint Plan to the extent it contains the Exculpated Parties and Related Parties provision in their current form.

**(b) The Exculpation Provision as it relates to Halloysite does not include an appropriate temporal limitation for acts or omission related formulation and solicitation of the plan to Effective Date of the plan.**

25. The Exculpation provision appears to contemplate temporal limitations beyond those set forth in §1125(e). The Exculpation Provision includes: "Official Actions in good faith taken or omitted to be taken in connection with or related to the Chapter 11 Case, the investigations of potential claims or the formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Disclosure Statement, or

any agreement created or entered into in connection with the Plan or incident to the Chapter 11 Case, . . ..” Plan §§ 12.5.

26. Exculpation provisions must include appropriate temporal limitations for each of the Joint Plan Proponents. The Debtor's Exculpation coverage is broader than the limited protections that may be afforded under § 1125(e) by court order for Halloysite.

27. In *Miday Gold US, Inc.*, the Court analyzed an exculpation provision which absolved the exculpated parties from:

> all Claims and Causes of Action arising on or after the Petition Date, including any act taken or omitted to be taken in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or consummating the Plan, the Disclosure Statement, the Liquidating Trust Agreement, the Cash Collateral Order, the Sales or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the Sales or the liquidation of the Debtors.

*Midway Gold US, Inc.*, 575 B.R. at 511.

28. The Court found the provision to be overbroad because there was "no temporal limitation on the conduct and omissions being exculpated." *Id.* at 512. The Court stated:

> The provision simply immunizes the Exculpated Parties from claims arising on or after the Petition Date as well as 'any other postpetition act taken or omitted to be taken in connection with or in contemplation of the Sales or the liquidation of the Debtors.' This language can reasonably be read to extend the exculpation to conduct and omissions arising after the confirmation date and after the Chapter 11 Cases have concluded, including, but not limited to, administration and implementation of the Plan itself.

*Id.*

29. The Exculpation provision relating to Halloysite should contain temporal limitations as contemplated by the language of §1125(e).

8

30. The Court should deny confirmation of the Joint Plan to the extent it contains the exculpation provision in its current form.

*(c) The Exculpation Provision does not contain an appropriate carve-out for malpractice claims against the estate's professionals.*

31. The United States Trustee also objects because the exculpation provision seeks to inoculate legal professionals from malpractice liability. Rule 1.8 of the Utah Rules of Professional Conduct prohibits a lawyer from making "an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement . . . ." Utah RPC 1.8(h)(1). The purpose of the limitation on prospective agreements is because such agreements "are likely to undermine competent and diligent representation. Also, many clients are unable to evaluate the desirability of making such an agreement before a dispute has arisen, particularly if they are then represented by the lawyer seeking the agreement." Utah RPC 1.8, comment 14.

32. The Joint Plan should not be confirmed unless the Exculpation Provision excepts malpractice liability of Debtor's counsel and/or any other legal professionals that represent the Exculpated Parties.

33. Therefore, the Court should deny confirmation of the Joint Plan to the extent it contains the exculpation provision in its current form.

## CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an Order denying confirmation of the Joint Plan to the extent it contains the Exculpation Provision, Exculpated Parties, and Related Parties provisions in their current form and that the Court grant such other relief as it deems appropriate.

Date: October 8, 2025  ACTING UNITED STATES TRUSTEE
Gregory M. Garvin

By: /s/ *Peter J. Kuhn*
PETER J. KUHN
Attorney for the Acting United States Trustee

10

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 8, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, as noted below:

- **Matthew M. Boley**   mboley@ck.law, krenak@ck.law
- **Elise M. Carter**   elise.carter@foley.com
- **P. Matthew Cox**   mcox@spencerfane.com, ecall@spencerfane.com;mwatson@spencerfane.com
- **Carol Sue Crismon**   crismonlaw@gmail.com
- **Geoffrey S Goodman**   ggoodman@foley.com
- **Richard F. Holley**   rholley@spencerfane.com
- **Peter J. Kuhn**   Peter.J.Kuhn@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Ellen E. Ostrow**   eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;geysa.peeler@foley.com
- **David L. Pinkston**   dpinkston@spencerfane.com, ecall@spencerfane.com;mwatson@spencerfane.com
- **Jeffrey L. Trousdale**   jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Aaron M. Waite**   aaronmwaite@agutah.gov
- **Gary T Wight**   gwight@agutah.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

# CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on October 8, 2025, I caused a copy of the foregoing document to be uploaded to BMC Group, Inc., an approved bankruptcy notice provider, to be sent by first class mail to the parties listed below. Pursuant to the BMC Group, Inc.'s terms of service, documents uploaded for service will be mailed out within one business day of being uploaded.

**Mail Service: First-class U.S. mail, postage pre-paid, addressed to:**

**Applied Minerals, Inc.**
1200 Silver City Road
PO Box 432
Eureka, UT 84628

**Halloysite Investment, LLC**
Attn: Geoffrey G. Scott
26320 Daniel
Chapel Hill, NC, 27517

**Brian McGavin**
Anderson Bradshaw PLLC
5296 S Commerce Dr
Salt Lake City, UT 84107

**Elizabeth Olwgo**
11350 Montana Ave.
Los Angeles, CA 90049

Date: October 8, 2025  /s/ *Peter J. Kuhn*